GEORGE BURNS AND LESTER B. MILLER, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed March 21, 1927.

Where on writ of error the verdict and judgment do not appear in the transcript of the record proper and no duly certified copy of such verdict and judgment appears in the transcript, the writ of error will be dismissed by the Appellate Court of its own motion.

A Writ of Error to the Criminal Court of Record for Dade County; J. Vining Harris, Judge.

Dismissed.

*R. B. Schallern* and *J. F. Busto,* for Plaintiffs in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant, for the State.

WHITFIELD, J.—The transcripts of the record herein each contains what purports to be a bill of exceptions, but

as such purported bill of exceptions was not authenticated as required by law, it should be disregarded. Included within the purported bill of exceptions are copies of the verdicts and also of the judgments to which the writs of error were taken, and such verdicts and judgments do not appear elsewhere in the transcripts. The certificate of the clerk of the Criminal Court of Record attached to each transcript is ''that the foregoing pages  *  *  *  constitute a true copy of all the proceedings and a correct transcript of the record of the judgment  *  *  *  as appears upon the files and records of my office.'' Apparently the clerk endeavored to use the certificate prescribed by Circuit Court Rule 103, which is permissible in criminal cases. The clerk's certificate, however, can give no authenticity or authority to the purported bill of exceptions. If the verdicts and judgments were in the transcripts outside of the purported bill of exceptions, they would clearly be covered by the clerk's certificate; but as the clerk of the Court has no part in making a bill of exceptions, but merely files and copies what is given to him as a bill of exceptions, the clerk's certificate attests the correctness of the transcript he makes of the bill of exceptions, but not of its authenticity; therefore, the certificate of the clerk in this case verifies the correctness of the transcript of the contents of the purported bill of exceptions including the copies of the verdicts and judgments contained therein; but the clerk's certificate does not verify the correctness of the copy of the verdicts and judgments as being true copies of the records of the Court. In other words, the clerk's certificate in effect is that the transcript constitutes a correct transcript of the record of the judgment as it appears in the purported bill of exceptions, not as the judgment appears in the recorded minutes of the Court.

. There being no properly certified copy of the judgments, the writ of error should be dismissed.

It is so ordered.

ELLIS, C. J., AND TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.